UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDDY MOMPLAISIR,

                *Petitioner*,

   -against-

MICHAEL CAPRA,
Superintendent, Sing Sing Correctional
Facility

                *Respondent*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-16-16

13 Civ. 6118 (PAC) (RLE)

**OPINION & ORDER
ADOPTING R&R**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Petitioner Eddy Momplaisir seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court conviction for first degree rape, first degree criminal sexual act, and first degree sexual abuse. He claims ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct.

    On August 12, 2015, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("R&R"), recommending denial of the petition. Petitioner timely objected, and asks the Court to issue a stay, holding the petition in abeyance, while he continues to pursue his claims through state court avenues. The Court holds that the R&R correctly determined that all of Petitioner's claims are procedurally barred or meritless. As such, stay and abeyance would be improper. The petition is DENIED.

## BACKGROUND

    On the evening of January 3, 2006, Petitioner was drinking alcohol and smoking crack cocaine with a female acquaintance, Vontessa Green. Trial Transcript at 82-83. Around 4:00

1

a.m., as Green got up to leave, Petitioner pointed a kitchen knife at her and ordered her to walk towards him. *Id.* at 101-02. Petitioner ripped Green's shirt, scratched her breast, and slapped her across the cheek. *Id.* at 106-07. He then forcibly raped her. *Id.* at 109-13. Green reported the sexual assault to police the next day, and Petitioner was arrested a day later. *Id.* at 123, 265.

A New York state jury found Petitioner guilty of first degree rape, first degree criminal sexual act, and first degree sexual abuse. *Id.* at 522-25. On October 18, 2007, the trial judge sentenced Petitioner, a second violent felony offender, to concurrent prison terms of fifteen years for the rape count and criminal sexual act count, and seven years for the sexual abuse count. R&R, Dkt. 21 at 5. Petitioner is currently serving that sentence at Sing Sing Correctional Facility in Ossining, New York. *Id.* at 1.

In January 2009, to the Appellate Division, First Department, Petitioner's counsel argued that the jury verdict was against the weight of the evidence, the trial court erred in permitting testimony of a forensic examiner who had examined the victim soon after the assault, and Petitioner's sentence was excessive. State Court Record ("SR") at 35, 39, 44. Petitioner also submitted a *pro se* brief, asserting a violation of his right to a speedy trial; prosecutorial misconduct arising from improper burden-shifting, vouching for the victim's credibility, and *Batson* violations for the exclusion of black jurors; improper admission of the forensic examiner's testimony; and a "discovery" violation because trial counsel did not provide Petitioner with results from a private investigator's investigation. SR 101-19.

The Appellate Division affirmed the conviction and sentence, holding that the verdict was not against the weight of the evidence, the trial court properly permitted the forensic examiner's testimony, and there was no basis for reducing the sentence. *People v. Momplaisir*, 84 A.D.3d 437 (N.Y. App. Div. 1st Dep't 2011). With respect to Petitioner's *pro se* claims, the

court determined that they were "unpreserved or unreviewable" or, alternatively, without merit. *Id.* The New York Court of Appeals denied leave to appeal. *People v. Momplaisir*, 17 N.Y.3d 808 (2011).

In April 2012, Petitioner filed a *pro se* motion, pursuant to N.Y.C.P.L. § 440.10. Petitioner sought to vacate his conviction due to alleged prosecutorial misconduct, based on improper burden-shifting; judicial misconduct, based on undue influence by the trial judge in persuading Petitioner not to testify in his own defense; and ineffective assistance of trial counsel. SR 147-75. Petitioner argued that trial counsel was ineffective because he failed to (i) effectively cross-examine the victim; (ii) adequately investigate the nature of the relationship between Petitioner and the victim; (iii) retain an expert medical or gynecological witness to rebut the forensic examiner's testimony; and (iv) object to the prosecution's improper burden-shifting. SR 151-70.

On May 22, 2012, the Supreme Court denied Petitioner's § 440 motion to vacate. SR 208. The court held that Petitioner's ineffective assistance and prosecutorial misconduct claims were procedurally barred by N.Y.C.P.L. § 440.10(2)(c) since the claims could have—but were not—raised on direct appeal. SR 210-11. The court also held that all three claims (ineffective assistance, prosecutorial misconduct, judicial misconduct) were meritless. SR 211-16. On May 7, 2013, the Appellate Division issued a certificate denying Petitioner's motion for leave to appeal because there were no valid questions of law or fact. SR 243. Petitioner filed this petition on August 16, 2013.

## DISCUSSION

I. **Legal Standards**

The Court may "accept, reject, or modify, in whole or in part, the findings or

3

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are made, the Court reviews the R&R for clear error. *Terio v. Michaud*, No. 10 cv 4276 (CS), 2011 WL 2610627, at *1 (S.D.N.Y. June 27, 2011). If a party objects, the Court conducts a *de novo* review of the R&R's contested portions. *See Idlisan v. Mt. Sinai Med. Ctr.*, No. 12 cv 8935 (PAC), 2015 WL 136012, at *2 (S.D.N.Y. Jan. 9, 2015). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

"Habeas review is an extraordinary remedy," *Bousley v. United States*, 523 U.S. 614, 621 (1998), and a petitioner seeking a writ of habeas corpus from a state court conviction must comply with the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. First, a federal habeas petition must be timely, i.e. submitted within the one-year statute of limitations. § 2254(d). Second, a petitioner must exhaust his federal constitutional claims in state court. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must present to the state court "all of the essential factual allegations" and "essentially the same legal doctrine" asserted in the federal habeas petition. *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982). Such presentation must be made up through the highest court of the state. *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). Third, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted).

If those requirements are satisfied, relief is appropriate only where a petitioner shows that "the state court unreasonably applied law as established by the Supreme Court in ruling on

petitioner's claim, or made a decision that was contrary to it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (internal quotation marks omitted). "While the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones is somewhat unclear, it is well-established in [the Second] Circuit that the objectively unreasonable standard . . . means that petitioner must identify some increment of incorrectness beyond error in order to obtain *habeas* relief." *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007).

## II.   Analysis

Petitioner seeks § 2254 relief based on ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct. The R&R recommends dismissal of all claims, and the Court agrees.

### A. Ineffective assistance of trial counsel

Petitioner alleges ineffective assistance of trial counsel because counsel failed to (i) obtain expert witnesses to aid the defense; (ii) interview potential witnesses who knew about Petitioner's relationship with the victim; (iii) adequately rebut the prosecution's forensic evidence; (iv) adequately cross-examine the forensic examiner; (v) object to prosecutorial misconduct; (vi) investigate the victim's medical history; (vii) obtain "certain crucial *Brady* . . . material"; and (viii) "request [a] study relied on by prosecution's expert witnesses." Dkt. 19 at 5-13.

The R&R determined that Petitioner exhausted all but the final two allegations by raising them in his § 440 motion. R&R at 12-13. The R&R correctly determined that these claims are barred from habeas review, however, because the § 440 court rejected them as procedurally barred by § 440.10(2)(c). SR 210-11; *see Finley v. Graham*, No. 12 cv 9055 (KMK), 2016 WL 47333, at *9 (S.D.N.Y. Jan. 4, 2016) ("Where a claim is sufficiently based in the record, a state

court's reliance on § 440.10(2)(c) constitutes an adequate and independent state law ground that ordinarily precludes a federal court from further habeas review.").

Petitioner does not object to that conclusion, but asks the Court to hold these claims in abeyance so that he can "exhaust" them by way of a state court motion for a writ of error *coram nobis*. Dkt. 25, at 2. But contrary to Petitioner's suggestion, these claims *are* exhausted; they are not being dismissed due to a failure to exhaust. Rather, the claims are barred from federal habeas review because they were decided on independent and adequate state grounds below. The same result would follow, even if Petitioner had previously sought a writ of error *coram nobis*. And Petitioner may still seek *coram nobis* relief in state court if otherwise permitted. The exhausted ineffective assistance claims are dismissed.

The R&R determined that Petitioner's final two ineffective assistance claims (failure to obtain *Brady* materials and a prosecution expert report) are unexhausted because they were not presented to the state courts on direct appeal or in the § 440 motion. R&R at 13-15. The Court agrees. Petitioner accepts that these claims are unexhausted, but asks the Court to issue a stay and hold the "mixed" petition in abeyance so that he can return to state court and exhaust these claims. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). But the stay-and-abeyance remedy is improper where the unexhausted claims are "plainly meritless," as they are here for failure to identify in any way the missing materials that trial counsel allegedly failed to obtain. *Id.* at 277. The unexhausted ineffective assistance claims are dismissed.

### B. Prosecutorial misconduct

Petitioner alleges prosecutorial misconduct based on (i) improper shifting of the burden of proof by questioning Petitioner's failure to call certain witnesses; (ii) improper vouching for the victim's credibility; and (iii) *Batson* violations. Dkt. 19 at 14, 18-20.

The R&R determined that the improper burden-shifting claim, while exhausted, was barred from habeas review because it was dismissed by the § 440 court on procedural grounds. R&R at 16-17. Similarly, the R&R determined that the *Batson* claim is exhausted, but barred from habeas review, because it was dismissed on direct appeal as "unpreserved or reviewable." *Momplaisir*, 84 A.D.3d at 438; *see also McCory v. Henderson*, 82 F.3d 1243, 1249 (2d Cir. 1996) (holding that *Batson* challenges are waived if not raised during jury selection). Both determinations are correct. And, for the reasons described above, it would be improper for the Court to hold the claims in abeyance while Petitioner seeks a writ of error *coram nobis*.

The R&R reached the merits of the improper vouching claim, but that claim was also raised on direct appeal and dismissed as "unpreserved or unreviewable." As such, the claim is barred from habeas review. In any event, the R&R is correct that the claim lacks merit because "[t]he prosecutor's comments were invited by the defense counsel's remarks about [the victim] and the prosecutor has the right to respond to defense counsel's attempts to discredit her witness." R&R at 18.

The prosecutorial misconduct claims are dismissed.

### C. Judicial misconduct

Finally, Petitioner alleges judicial misconduct based on (i) undue influence by the trial judge in persuading Petitioner not to testify in his own defense; and (ii) denial of Petitioner's right to a speedy trial. Dkt. 19 at 14-18.

The R&R reached the merits of the undue influence claim because it was presented to the § 440 court and dismissed on the merits. R&R at 20-21. The R&R correctly determined that this claim is meritless. "The trial judge told Momplaisir that he should make the decision [to testify] after considering his lawyer's advice because his lawyer is experienced." *Id.* at 21. The judge's

7

statement "does not reveal any 'subliminal threat' or a 'form of retribution' had Momplaisir disregarded the judge's opinion." *Id.* Further, the § 440 court's dismissal of the claim on similar grounds was certainly not an unreasonable application of clearly established law, as required for habeas relief. SR 215-16.

Petitioner exhausted the speedy trial claim by raising it on direct appeal. The claim is barred from habeas review, however, because it was dismissed by the Appellate Division as "unpreserved or unreviewable." *Momplaisir*, 84 A.D.3d at 438.

The judicial misconduct claims are dismissed.

## CONCLUSION

The Court ADOPTS the R&R and DENIES the petition for a writ of habeas corpus. As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued. 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgement for Defendant and terminate 13 cv 6118.

Dated: New York, New York  
       March 16, 2016

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

Copy Mailed By Chambers To:  
Eddy Momplaisir  
08-A-0009  
Sing Sing Correctional Facility  
354 Hunter Street  
Ossining, NY 10562