UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                     :
EDDY MOMPLAISIR,                             :
                                                     :             13 Civ. 6118 (PAC)
                         *Petitioner*,          :
                                                     :
              -*against*-                     :             **OPINION & ORDER**
                                                     :
MICHAEL CAPRA,                            :
                                                   :
                         *Respondent*        :
-----------------------------------------------------------X

       The Second Circuit has directed this Court "to expressly resolve" Petitioner Eddy Momplaisir's ("Petitioner") 28 U.S.C. § 2254 claim for "ineffective assistance of counsel . . . [on the basis] that trial counsel failed to interview witnesses who would testify to the existence of a romantic relationship between [Petitioner] and the complainant." USCA Order 1, ECF No. 51.[1] For the reasons set forth in this Court's prior order, *Momplaisir v. Capra*, No. 13 Civ. 6118 (PAC), 2019 WL 549381, at *3–4 (S.D.N.Y. Feb. 11, 2019) (the "2019 Order"), Petitioner's claim for habeas relief on the ground of ineffective assistance of counsel is DENIED. His motion for reconsideration of the 2019 Order is also DENIED.

       *Procedural History.* Petitioner filed his original § 2254 petition with this Court on August 16, 2013, claiming ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct relating to his criminal conviction of first-degree rape, first degree criminal sexual act, and first-degree sexual abuse. Pet., ECF No. 1. This Court adopted Magistrate Judge Ronald L. Ellis's Report and Recommendation dismissing all of Petitioner's claims as either procedurally barred or meritless. *Momplaisir v. Capra*, No. 13 Civ. 6118 (PAC) (RLE), 2016

---

[1] All citations refer to the civil docket, 13-CV-6118 (PAC).

1

WL 1070848, at *1 (S.D.N.Y. Mar. 16, 2016).

On appeal, the Second Circuit affirmed in part, vacated in part, and remanded. *Momplaisir v. Capra*, 718 F. App'x 91, 93 (2d Cir. 2018) (the "2018 Remand Order"). Specifically, the Second Circuit held that New York Criminal Procedure Law § 440.10(2)(c) did not bar Petitioner's three ineffective assistance of counsel claims and dismissed two of those claims as meritless, but found Petitioner's third claim, that his trial counsel failed to investigate witnesses who would testify about a romantic relationship between him and the complainant, potentially of merit.  *Id.* at 92–93.  Accordingly, the panel remanded Petitioner's third claim back to this Court with instructions to "determine whether petitioner has shouldered his burden to establish his entitlement to an evidentiary hearing . . . and if so, to hold that hearing."  *Id.* at 93.

On February 11, 2019, this Court found that Petitioner failed to meet his burden and denied his motion for an evidentiary hearing accordingly.  2019 Order, 2019 WL 549381, at *1.  Specifically, the Court held that "Petitioner's claim must be denied because taking all of his allegations as true, his trial counsel was not ineffective, and he cannot show prejudice" as required by *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  *Id.* at *3.  The Court determined that trial counsel's decisions regarding which witnesses to call (and, necessarily, which not to call) fell "comfortably within 'the wide range of reasonable professional assistance.'"  *Id.* (quoting *Strickland*, 466 U.S. at 689).  Nor did the Petitioner effectively argue that his trial counsel's pre-trial investigation was deficient, for, as Petitioner himself stated, "both his trial counsel and his investigator made efforts to contact witnesses leading up to trial, thwarted not by their own lack of diligence, but instead by the challenge of obtaining information from a 'street culture permeated with drugs and prostitution.'"  *Id.* at *4 (citation omitted).

Because counsel's representation was not deficient, the Court did not need to assess

whether counsel's representation prejudiced the Petitioner. Nevertheless, the Court noted that "Petitioner's claim to prejudice is even weaker than his claim to deficient representation," given the complete lack of evidence that Petitioner's proposed witnesses would have fared any better in the prosecutor's closing arguments (which criticized the defense for calling only one witness). *Id.* Further, the defense witness "provided all of the facts Petitioner alleges his witnesses would have provided, with the exception of testimony about having seen [the complainant] in Petitioner's bedroom. Viewing the trial record as a whole, and considering the strength of the prosecution's case, this added detail would not have made a difference." *Id.*

Petitioner then appealed the 2019 Order. On February 5, 2020, the Second Circuit dismissed the appeal for lack of jurisdiction, because it found that this Court had not issued a final order. USCA Order 1. The Second Circuit explained that its 2018 Remand Order vacated this Court's dismissal of Petitioner's third ineffective assistance of counsel claim, but the Court's 2019 Order "purported only to deny an evidentiary hearing on that claim." *Id.* Accordingly, the Second Circuit instructed the Court to expressly resolve Petitioner's ineffective assistance of counsel claim. *Id.*

On November 20, 2020, during a telephonic conference, the Court allowed the parties to submit briefing. Tr. 4:8–5:17, ECF No. 55. On December 14, 2020, Petitioner filed a letter asking the Court to grant habeas relief on Petitioner's ineffective assistance of counsel claim or, in the alternative, to reconsider its 2019 Order and schedule an evidentiary hearing on the claim. Pet.'s Letter 2, 3, ECF No. 56. On January 11, 2021, the respondent replied that (1) because the Court already concluded Petitioner's claim is meritless, the Court should deny the claim; and (2) the Court should reject Petitioner's motion for reconsideration, because the Petitioner has not provided a basis for reconsideration. Resp. in Opp'n 3, ECF No. 58. The Court agrees.

*Ineffective Assistance of Counsel Claim.* For the reasons set forth in the 2019 Order, 2019 WL 549381, at *3–4, summarized above, Petitioner's claim for habeas relief on the ground that his trial counsel was ineffective for failing to interview witnesses who would testify to the existence of a romantic relationship between the Petitioner and the complainant is DENIED.[2]

*Reconsideration.* Because the Petitioner is not entitled to habeas relief, an evidentiary hearing on his habeas claim is unnecessary. *See* 2019 Order, 2019 WL 549381, at *3 ("Entitlement to an evidentiary hearing . . . requires a showing that a petitioner's allegations, taken as true, entitle him to federal habeas relief.") (citing *Schriro v. Lamdrigan*, 550 U.S. 465, 474 (2007)). And in any event, Petitioner's motion for reconsideration is untimely and without merit.

As to untimeliness, Local Civil Rule 6.3 holds that unless the Court, a statute, or a rule provides otherwise, "a notice of motion for reconsideration or reargument of a court order

---

[2] Petitioner's argument that trial counsel could have subpoenaed Petitioner's proposed witnesses and treated them as hostile if necessary (Pet.'s Letter 3) does not persuade the Court to accept his ineffective assistance of counsel claim. The question is not whether it was possible for counsel to call these witnesses, but whether counsel's decision not to constitutes deficient performance. On this record, counsel's failure to call these witnesses does not constitute deficient performance, but permissible trial strategy.
> [O]ur focus in analyzing the performance prong of Sixth Amendment ineffective-assistance-of-counsel claims must be on the reasonableness of decisions when they were made, not on how reasonable those decisions seem in retrospect. . . . Our articulated reluctance to hold that an attorney's strategic choices were constitutionally deficient helps to focus us on this imperative . . . .

*Pavel v. Hollins*, 261 F.3d 210, 217 n.9 (citation omitted). Counsel knew, from Petitioner, what Petitioner's proposed witnesses would testify to, and counsel made a reasonable, informed decision not to call those witnesses. That decision made interviewing the witnesses unnecessary. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.").

determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Local Civil Rule 6.3.  The Court entered the 2019 Order almost two years before Petitioner filed his motion for reconsideration, well outside this 14-day window.  Generally, courts do not excuse an untimely filing unless there is good cause for the delay, and Petitioner has not given any excuse for his delay.  *United States v. Okparaeke*, No. 17-CR-225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019).  This alone is reason enough to dismiss his motion.  *See id.* at *3.

But even if his motion were timely, the Court would deny reconsideration on the merits, as Petitioner has not pointed to any law or facts the Court overlooked in deciding the 2019 Order. *See* Local Civil Rule 6.3; *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (cleaned up).  A motion for reconsideration is "not a vehicle . . . for taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  Accordingly, Petitioner's motion for reconsideration of the 2019 Order is DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's claim under § 2254 for ineffective assistance of counsel and Petitioner's motion for reconsideration of the Court's 2019 Order are DENIED.

Dated: New York, New York
       February 23, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge